**Wendell O. CHRISTIAN, Petitioner,**

v.

**STATE OF MAINE et al., Respondents.**

Misc. No. 278.

United States Court of Appeals
First Circuit.

Dec. 6, 1968.

Wendell O. Christian, pro se.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

We have before us a petition for a certificate of probable cause to appeal in a habeas corpus proceeding, the district court having refused to grant either the writ or the certificate. Petitioner has complied with our Rule 8 by filing a memorandum giving detailed reasons why he believes there are substantial grounds for an appeal. We accordingly consider them.

The following facts appear. Petitioner was indicted and brought to trial before the Maine Superior Court, charged with a felony. Prior to trial his counsel had access to a list of the jury venire, their addresses and their occupations. A panel of twelve was duly selected and petitioner acknowledged his satisfaction therewith. On the second trial day, after the case had gone to the jury, and while it was deliberating, it came to the attention of petitioner's counsel that in another case then pending before a different judge of the Superior Court a defendant had filed a pretrial motion attacking the

makeup of the venire, and asking that it be dismissed in its entirety. The reason advanced by this other defendant was apparently that the addresses and occupations of the jurors drawn to the venire showed them not to be fully representative so as to constitute "a fair and just distribution according to population," as was required by 14 Maine Rev.Stat.Ann. 1255 (1965). Petitioner, whose jury had been drawn from the same venire, then filed a similar motion, but the Superior Court denied it on the ground that it was filed too late, without reaching the merits. Petitioner was convicted, and upon his appeal to the Maine Supreme Judicial Court attacking the venire the conviction was affirmed. The Court declined to determine whether petitioner had made his claim too late, but, instead, held that he had failed to establish it.

The habeas corpus petition is commendably specific. After stating that petitioner had exhausted his state remedies, and the manner in which he had done so, petitioner alleged that he was imprisoned in violation of the Fourteenth Amendment because the jury venire "and the jury which rendered a verdict of guilty in petitioner's case was illegally drawn by the Jury Commissioners of the County of Cumberland and State of Maine because the said jury was not a fair and just distribution according to the population of the County of Cumberland and State of Maine." For this assertion petitioner gave detailed if somewhat repetitive reasons, namely, that only one juror appeared from the second largest city in the county and state; that the smaller towns were overrepresented; that of 31 jurors on the venire 9 were retired, 8 were executives, 4 were housewives, none were semiskilled workers, and "the working class was not sufficiently represented."

By agreement the district court considered the case on the pleadings and the state record. In refusing the writ it stated that petitioner had received a full and fair hearing in the state court proceeding and that the state court had correctly applied the relevant federal constitutional standards.

■ We, too, will not consider the question of waiver, but will deal with the merits. On analysis, all that petitioner shows or offers to show is that the venire, and ultimate panel, were not in fact representative of a cross-section of the community. There is no constitutional requirement that they should be. The issue is not whether the particular panel proved to be unrepresentative in fact, but is whether it was drawn from an artificially limited base, or in a discriminatory manner. As the Court said in Fay v. New York, 1947, 332 U.S. 261, at 284, 67 S.Ct. 1613, at 1626, 91 L.Ed. 2043.

> "It is fundamental in questioning the composition of a jury that a mere showing that a class was not represented in a particular jury is not enough; there must be a clear showing that its absence was caused by discrimination * * *."

Accord, Swain v. Alabama, 1965, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759. See also, Thiel v. Southern Pac. Co., 1946, 328 U.S. 217, 220, 66 S.Ct. 984, 90 L.Ed. 1181. This case is at the opposite end of the spectrum from cases such as Whitus v. Georgia, 1967, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599. Petitioner's demonstration that his panel may have been unrepresentative does not of itself show a constitutional fault, and is not, as a single example, probative of any underlying constitutional error. Frazier v. United States, 1948, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187. Petitioner indicated nothing further. He has no basis for an appeal.

The certificate is denied.